UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00054-FDW-DSC

| | |
|---|---|
| FAMILY DOLLAR OPERATIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ORDER |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) ) ) |
| Defendant. | ) ) ) |

THIS MATTER is before the Court on Defendant's Motion for Partial Summary Judgment (Doc. No. 51) and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 53). The parties have briefed both dispositive motions, and the Court has reviewed the pleadings, exhibits thereto, and applicable law. For the reasons stated herein, Defendant's Motion for Partial Summary Judgment (Doc. No. 51) is DENIED, and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 53) is GRANTED in part and DENIED in part.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962).

The Court DENIES Defendant's Motion for Partial Summary Judgment (Doc. No. 51). It is clear from the pleadings, exhibits, and arguments to this Court, a dispute of material fact exists as to the allegedly fraudulent nature of Defendant's invoices and the purposes for which they were used. Additionally, while the Court takes note that Plaintiff withdraws its claim for lost sales damages, the Court is unpersuaded that Plaintiff should be precluded from arguing at trial its remaining claims for damages. Accordingly, Defendant's Motion for Partial Summary Judgment (Doc. No. 51) is DENIED.

The Court GRANTS in part and DENIES in part Plaintiff's Motion for Partial Summary Judgment (Doc. No. 53). The Court determines Plaintiff is entitled to summary judgment on its claim for rebate payments. As Defendant concedes, the Master Agreement ("MSA") requires Defendant to pay cash for rebate hours upon termination of the contract. (Docs. Nos. 54-2 and 54-4). Because there is no dispute of material fact regarding Defendant's termination of the MSA, Plaintiff is entitled to summary judgment with the issue of damages to be determined at trial. The Court finds Plaintiff's remaining arguments, however, unpersuasive. Clear disputes of fact exist as to Chris Speight's representations regarding payment of the overages and the extent to which Defendant relied on those representations. In short, the parties' opposing facts and interpretations of the dealings that transpired requires resolution by a jury rather than the Court at this juncture.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Summary Judgment (Doc. No. 51) is DENIED, and Plaintiff's Motion for Partial Summary Judgment (Doc. No. 53) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Signed: February 2, 2018

Frank D. Whitney
Chief United States District Judge